UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>(1) JAMES GARRETT, (2) LEVI GARRETT,<br><br>Defendant. | 3:21-CR-30091-RAL<br><br><br>OPINION AND ORDER DENYING MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES |

The United States charged these Defendants in a nine-count superseding indictment. Doc. 39. Defendants James Garrett and Levi Garrett have pled not guilty and are set to be tried together during the week of October 24, 2022. Doc. 49. Defendants are jointly represented by the same two lawyers who practice in the same firm. Defendants, on October 13, 2022, moved for additional peremptory challenges. Doc. 65. For the reasons set forth below, Defendants' Motion for Additional Peremptory Challenges, Doc. 65, is denied.

Counts I, III, IV, VI, VII of the superseding indictment charge James Garrett with making a false statement to an insurance agency reinsured by the Federal Crop Insurance Corporation by claiming, respectively, the false planting of 954.6 acres of soybeans between May 24, 2016, and May 28, 2016, Doc. 39 at 1; 2,148.94 acres of soybeans between May 24, 2017, and June 9, 2017, id. at 2; 1,115.22 acres of sunflowers between June 10, 2018, and June 16, 2018; id. at 3; 47.5 acres of corn on June 17, 2019, id. at 4; and 1,475.81 acres of sunflowers between June 9, 2020, and June 14, 2020, id. Counts VIII and IX of the superseding indictment charge James Garrett

with knowingly executing a scheme with the intent to defraud the United States by wrongfully obtaining money from the Coronavirus Relief Fund between, respectively, October 15, 2020, and October 30, 2020, id. at 5; and December 15, 2020, and December 16, 2020, id. at 5.

Counts II and V of the superseding indictment charges Levi Garrett with making a false statement to an insurance agency reinsured by the Federal Crop Insurance Corporation by claiming, respectively, the false planting of 796.9 acres of soybeans between May 26, 2016, and June 2, 2016, id. at 2; and 1,122.79 acres of sunflowers between June 10, 2018, and June 16, 2018, Doc. 39 at 3.

On October 13, 2022, the Defendants jointly moved for additional peremptory challenges. Doc. 65. Defendants did not specify how many additional peremptory challenges they would like or cite any authority to justify additional peremptory challenges. Id. Federal Rule of Criminal Procedure 24(b)(2) governs peremptory challenges:

> **(b) Peremptory challenges.** Each side is entitled to the number of peremptory challenges to prospective jurors specified below. The court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly.
>
> . . .
>
> (2) *Other Felony Case.*[1] The government has 6 peremptory challenges and the defendant or defendants jointly have 10 peremptory challenges when the defendant is charged with a crime punishable by imprisonment of more than one year.

Under Rule 24(b)(4)(A), each side is entitled to an additional peremptory challenge when the Court selects one or two alternate jurors.

Whether to grant additional peremptory challenges beyond those specified under Rule 24(b) is committed to the sound discretion of the trial court. United States v. Cartwright, 528 F.2d 168, 175

---

[1] Rule 24(b)(1) governs peremptory challenges in a capital case. This is an "other felony case."

(7th Cir. 1975); see also United States v. Johnson, 362 F. Supp. 2d 1043, 1071 (N.D. Iowa 2005). This Court has granted additional challenges per defendant previously when the defendants are not closely related and are separately represented. See D.S.D. Crim. LR 24.1; United States v. Lone Eagle, 15-CR-30050-RAL, Doc. 89; United States v. Colombe, 18-CR-30013-RAL. This Court has denied any additional peremptory challenges previously when Defendants were husband and wife with similar defenses, despite the fact that they were separately represented. United States v. Waloke, 16-CR-30148-RAL. There are two defendants in this case from the same family represented by two attorneys from the same firm. They are charged in separate counts of the superseding indictment. Their interests appear to be aligned such that there is no justification for additional peremptory challenges.

Therefore, it is hereby

ORDERED that the Motion to Request Additional Peremptory Challenges, Doc. 65, is denied.

DATED this 17th day of October, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE