UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>(1) JAMES GARRETT,<br>(2) LEVI GARRETT,<br><br>Defendant. | 3:21-CR-30091-RAL<br><br><br><br>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH SUPOENA DUCES TECUM |

The government moves to quash the subpoena duces tecum James and Levi Garrett ("Garretts") served on Melissa Schultz to produce a copy of (1) any and all documents relating to them and (2) their plant date books from 2016-2020. Schultz, who the Garretts say was their federal crop agent and crop insurance adjuster, has apparently refused to provide them with the requested information, which prompted the subpoenas. The Court grants in part and denies in part the government's motion.

Rule 16 of the Federal Rules of Criminal Procedure governs discovery of information in criminal cases but has no provision for the issuance of subpoenas. But Rule 17(c) of the criminal rules does. The latter rule though was not intended to give criminal

defendants a means of discovery but rather "to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials."[1] A party seeking information under Rule 17 (c) must show that the information is relevant, admissible, and specific.[2] The party must also show that the information is "not otherwise procurable reasonably in advance of trial by the exercise of due diligence," that "the party cannot properly prepare for trial without such production," and that "the application is made in good faith and is not intended as a general 'fishing expedition.'"[3] These same precepts apply to criminal subpoenas issues to third parties.[4]

That portion of Shultz's subpoena – directing her to produce "any and all documents relating to" the Garretts—is overbroad. Compliance with a subpoena of this magnitude would be unreasonable and oppressive.[5] The motion to quash is granted to this extent.

---

[1] *United States v. Blue*, 340 F.Supp.3d 862, 869 (D.S.D. 2018) (quoting *United States v. Nixon*, 418 U.S. 683, 698-99 (1974)); *see also Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) ("It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest of terms.").

[2] *Nixon*, 418 U.S. at 700.

[3] *Id.* at 699-700.

[4] *See Blue*, 340 F.Supp.3d at 870 (citing cases).

[5] *Id.* (court may quash a subpoena if compliance would be unreasonable or oppressive).

But the Garretts have made enough of a showing that: (1) the information sought – plant date books for a five year period—is relevant, admissible, and specific; (2) the information cannot be obtained from Schultz without a subpoena; (3) the information is material and may even be exculpatory; and (4) their request is a good faith one and is not based on a "mere hope" that it will turn up favorable evidence. The subpoena should accordingly be modified, and limited, to the Garretts' plant date books Schultz has for 2016 through 2020.[6]

For these reasons, and based on the record now before the Court, it is

ORDERED that the government's motion to quash subpoena duces tecum of Shultz[7] is granted in part and denied in part. The subpoena is modified to only require the production of the Garretts' plant date books in Shultz's possession from 2016 to 2020, inclusive.

DATED this 19th day of October, 2022.

BY THE COURT:

*Mark A. Moreno*

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] *Id.* (allowing court to modify an unreasonable or oppressive subpoena).

[7] Docket No. 59.